UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THOMAS J. O'DONNELL, FRANCIS J.
CONNOLLY, JR., JAMES FANNING, EUGENE
W. WALTON, NADINE SCHRAMM and ALLAN
KHARIEH, as Trustees and Fiduciaries of the
LOCAL 817 PENSION, WELFARE AND
SCHOLARSHIP TRUST FUNDS, and
THEATRICAL TEAMSTERS, LOCAL 817, I.B.T.,

       Plaintiffs,
   v.

C.J. PRODUCTIONS, INC.,

       Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-5470 (MKB) (JO)

MARGO K. BRODIE, United States District Judge:

  Plaintiffs Thomas J. O'Donnell, Francis J. Connolly, Jr., James Fanning, Eugene W. Walton, Nadine Schramm and Allan Kharieh, as Trustees and Fiduciaries of the Local 817 Pension, Welfare and Scholarship Trust Funds (the "Funds"), and Theatrical Teamsters, Local 817, I.B.T. (the "Union"), commenced the above-captioned action against Defendant C.J. Productions, Inc. on September 22, 2015 under sections 502 and 515 of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1132(a)(3) & 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"). (Compl. ¶¶ 2, 21, 26–28, Docket Entry No. 1.) Plaintiffs seek to recover unpaid contributions to the Funds and membership dues to the Union, as well as interest on unpaid contributions, liquidated damages, attorneys' fees and costs. (Compl. ¶¶ 23–28.)

  Although served with the summons and Complaint, Defendants failed to appear in this action. (Docket Entry No. 6; Order dated Jan. 22, 2016.) Plaintiffs sought and obtained an entry

of default against Defendants, (Clerk's Entry of Default dated Feb. 16, 2016), and subsequently moved for a default judgment, (Pl. Mot. for Default J., Docket Entry No. 9.) On May 6, 2016, the Court referred this matter to Magistrate Judge James Orenstein for a report and recommendation. (Order dated May 6, 2016.) By report and recommendation dated February 22, 2017 (the "R&R"), Judge Orenstein recommended that the Court grant Plaintiffs' motion and award Plaintiffs judgment in the amount of: $11,351.79, consisting of $3562.07 in unpaid contributions; $360.22 in unpaid dues; $248.34 in interest on unpaid contributions from January 1, 2015 through March 31, 2017; $712.41 in liquidated damages; $5818.75 in reasonable attorneys' fees; and $650 in costs. (R&R 1.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court directs the Clerk of Court to award Plaintiffs judgment in the amount of $10,887.72, consisting of: unpaid contributions of $3562.07, unpaid dues of $360.22, interest on unpaid contributions of $248.34, liquidated damages of $248.34,[1] reasonable attorneys' fees of $5818.75 and costs of $650.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 31, 2017
      Brooklyn, New York

---

[1] The Court corrects Judge Orenstein's liquidated damages award and awards Plaintiffs liquidated damages equal to interest damages, pursuant to 29 U.S.C. § 1132(g)(2)(C) (providing that liquidated damages should be "an amount equal to the greater of (i) interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of [twenty] percent . . . of [unpaid contributions determined by the court]"). Judge Orenstein determined that Defendant was not bound by the terms of the trust agreement that provided for liquidated damages equal to twenty percent of unpaid contributions. (R&R 7; Trust Agreements Establishing The Local 817, I.B.T. Welfare Fund at Section 7 ¶ 12, annexed to Aff. of K. Kreinbihl as Exs. B, C, D, Docket Entry No. 9-3.) As a result, there is no plan that provides for liquidated damages and Plaintiffs are therefore only entitled to liquidated damages equal to their interest damages.